Dakíiel, J.
The general power to elect and appoint constables belongs to the inhabitants of each captain’s district, and not to the county court. But should any person elected constable by the people die, or from any other cause fail to qualify and give bond and security, or should any of the captains’ companies fail to hold an election, or if there should be a tie in the election, then it shall be proper for the county court, which shall next happen (seven Justices being present) to supply the vacancy occasioned by such failure. The county court (of seven Justices) has power also to determine in all cases of contested elections of constables. Rev. Stat. ch. 24. In this case it was not declared by the court, nor does it appear in fact, that the people had failed to elect a constable in Captain Edwards’ Company, or that any one of the events *219 mentioned in the act of Assembly had occurred, which would give the county court power to fill the vacancy. It was incumbent on the relator to shew that some one of the events mentioned in the statute had occurred, to enable the county court to appoint Magness constable for that district; otherwise the appointment was void, as being an excess of power in the county court. The relator failed in this proof, and the court could not help him by any intendment. Therefore, we think the nonsuit was properly entered. State v Briggs, 3 Ired. 357.
Per Curiam, Judgment affirmed.